**Maria Esther Sedano JIMENEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74864.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Filed June 9, 2006.

Maria Esther Sedano Jimenez, Dixon, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Petitioner does not have a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D).

Petitioner was placed in removal proceedings because the government filed a notice to appear after April 1, 1997, thus placing her in removal proceedings instead of deportation proceedings. The timing of this government action is a discretionary decision by the Executive Branch that this court lacks jurisdiction to review. "We construe [8 U.S.C. § ]1252(g), which removes our jurisdiction over 'decision[s] ... to commence proceedings' to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding." *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002).

Furthermore, we do not believe that Congress was not employing a "rational means to serve a legitimate end" when it changed the law to substitute cancellation of removal for its more lenient predecessor, suspension of deportation. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (stating standard for rational basis review); *cf., e.g., Kleindienst v. Mandel*, 408 U.S. 753, 765, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) ("[T]he power to exclude aliens is ... to be exercised exclusively by the political branches of government ...." (internal quotation marks omitted)). Petitioner's equal protection challenge therefore fails. Accordingly, this petition for review is denied.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.