**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ramseys BIALA, a.k.a. Maurice,**
**Defendant–Appellee.**

**No. 06–50341.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 18, 2006.*

Filed Dec. 21, 2006.

Becky S. Walker, Esq., Elizabeth R. Yang, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, O'SCANNLAIN and McKEOWN, Circuit Judges.

MEMORANDUM **

Appellant's unopposed motion for summary reversal is granted. The district court's order dismissing defendant's supervised release petition for lack of jurisdiction is reversed and the matter is remanded for reconsideration in light of *United States v. Delamora,* 451 F.3d 977 (9th Cir. 2006).

**REVERSED AND REMANDED.**

**Mills S. ANTHES, Plaintiff–Appellant,**

v.

**UNITED STATES of America; et**
**al., Defendants–Appellees.**

**No. 06–55580.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 18, 2006 *.

Filed Dec. 21, 2006.

Mills S. Anthes, Long Beach, CA, pro se.

Monica L. Miller, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: GOODWIN, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

A review of the record, the opening brief, and the opposition to the motion for summary affirmance indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Section 405(g) of the Social Security Act is the exclusive avenue of relief for claims arising out of the denial of social security benefits. *See Heckler v. Ringer,* 466 U.S. 602, 614–24, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (holding that claims arising out of a denial of social security benefits come within the ambit of § 405(g) of the Social Security Act); *Briggs v. Sullivan,* 886 F.2d 1132, 1138 (9th Cir.1989) (stating that federal courts do not have subject matter jurisdiction over claims arising out of the denial of social security benefits except pursuant to

§ 405(g)). Any action seeking review of a final decision of the Commissioner of Social Security must be commenced within sixty days after the mailing of the notice of such decision. *See* 42 U.S.C. § 405(g).

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

### Ignacia Velazquez ZAMORA, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

### No. 06–70101.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 18, 2006.*

Filed Dec. 21, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).