**Sara IZAGUIRRE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–75697.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007 *.

Filed June 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Molly L. Debusschere, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying a motion to reopen deportation proceedings. Respondent has filed a motion to dismiss this petition, which we construe as a motion for summary disposition of the petition and a motion to dismiss.

** This disposition is not appropriate for publication and is not precedent except as provid-

■ Under regulations effective July 1, 1996, petitioner had a duty to file her motion to reopen "not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.23(b)(4)(i) (1997). Petitioner's motion to reopen her April 30, 1993 deportation order was not filed until March 22, 2006, almost ten years too late. The BIA therefore did not abuse its discretion in denying as untimely petitioner's motion to reopen. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). Accordingly, the motion for summary disposition is granted because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

■ Further, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's motion to dismiss in part is granted.

The temporary stay of removal shall continue in effect until issuance of the mandate. All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**