**Luis Alonso REYES–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–70871.

United States Court of Appeals, Ninth Circuit.

Submitted on Aug. 20, 2007.*

Filed Aug. 24, 2007.

Luis Alonso Reyes–Hernandez, Adelphi, MD, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, W. Manning Evans, U.S. Department of Justice, Civil

Fed. R.App. P. 34(a)(2).

388

Division, Washington, D.C., for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and M. SMITH, Circuit Judges.

## MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") decision denying petitioner's application for cancellation of removal.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

Respondent's opposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Petitioner's admission before the Immigration Judge that petitioner was convicted in Florida of strong arm robbery, a second degree felony, was sufficient to establish petitioner's removability and his ineligibility for cancellation of removal due to the conviction of a crime of moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I); 8 U.S.C. § 1229b(b)(1)(C); *Platero–Cortez v. INS,* 804 F.2d 1127, 1130 (9th Cir.1986) ("If the alien concedes deportability, ... the government's burden is satisfied."); *Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1020 (9th Cir.2005) (holding that "crimes of theft or larceny are crimes involving moral turpitude").

** This disposition is not appropriate for publication and is not precedent except as provid-

Additionally, the Florida robbery statute at issue criminalizes a taking where the property may be subject of larceny *and* where the taking involves "the use of force, violence, assault, or putting in fear," not a separate crime of assault. Fla. Stat. § 812.13(1). Thus, all of the conduct prohibited by the statute is conduct involving moral turpitude, and petitioner's claims regarding the modified categorical approach are misplaced. *Cf. Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163–64 (9th Cir. 2006) (observing that modified categorical approach only applies "[i]f the statute of conviction ... criminalizes both conduct that does and does not involve moral turpitude"). Furthermore, contrary to petitioner's arguments, a review of the record indicates no lack of procedural safeguards in petitioner's hearings before the Immigration Judge.

Accordingly, this petition for review is denied.

All other pending motions are denied as moot.

## PETITION FOR REVIEW DENIED.