such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).

Ofelia Enciso RENTERIA, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 07–71266.

United States Court of Appeals, Ninth Circuit.

Filed Oct. 18, 2007.

Submitted Sept. 10, 2007.**

Ofelia Enciso Renteria, Paramount, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jonathan Robbins, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen immigration proceedings.

Respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the BIA did not abuse its discretion when it denied petitioner's untimely and number-barred motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2); *see also Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion). Accordingly, this petition for review is denied in part.

Moreover, to the extent that petitioner seeks review of the BIA's decision not to exercise its discretion to reopen proceedings sua sponte, this court lacks jurisdiction over such claims. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, this petition for review is dismissed in part for lack of jurisdiction.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioner's] and give us humane laws

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).