Cristobal MARTINEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–73137.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Jan. 10, 2008.

Cristobal Martinez, Goleta, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., Lindsay Williams, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judge's order denying petitioner Cristobal Martinez's application for cancellation of removal.

█ A review of the administrative record demonstrates that there is substantial evidence to support the BIA's finding that petitioner failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). An alien fails to maintain continuous physical presence when he departs the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days. *See* 8 U.S.C. § 1229b(d)(2). Petitioner testified he departed the United States on June 12, 1995 and returned on January 14, 1996. This departure exceeded 180 days. Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

█ Petitioner's argument that the continuous physical presence rules should not apply to him because his departure occurred before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") is foreclosed by this court's precedent. *See Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 940–41 (9th Cir.2005).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**