Jorge Ernesto GARCIA–ALCARAZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–72971.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Jan. 10, 2008.

Jorge Ernesto Garcia–Alcaraz, Garden Grove, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, W. Manning Evans, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

Petitioner's "motion to reinstate," filed on December 17, 2007, is construed as a response to respondent's motion for summary affirmance and opposition to the stay motion. If petitioner seeks reinstatement of petition for review No. 06–73567, dismissed on January 4, 2007, petitioner should file an appropriate motion in that petition for review. Petitioner is reminded that petition for review No. 06–73567 was dismissed for failure to pay the filing fee, and any motion to reinstate petition No. 06–73567 should be accompanied by the necessary fee payment.

Respondent's opposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the regulations provide that a motion to reopen must be filed with the BIA within ninety days after the mailing of the BIA's decision. 8 C.F.R. § 1003.2(c)(2). Thus, the BIA did not abuse its discretion when it denied petitioner's untimely motion to reopen, which was filed 242 days after the BIA's June 29, 2006 decision. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion). Accordingly, this petition for review is denied in part.

Additionally, to the extent that petitioner seeks review of the BIA's denial of petitioner's request to *sua sponte* reopen proceedings, the petition is dismissed in part for lack of jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.