**Sergio De La Torre GARCIA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74902.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 21, 2008.

Sergio De La Torre Garcia, Artesia, CA, pro se.

Dora Maria Avondano–De La Torre, Artesia, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

## MEMORANDUM [**]

This is a petition for review of the Board of Immigration Appeals' ("BIA") November 21, 2007 order denying petitioners' second motion to reopen the BIA's prior decision dated October 15, 2004.

■ Respondent's unopposed motion to dismiss is construed as one for summary disposition in part, and, so construed, is granted, because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the regulations provide that a motion to reopen must be filed with the BIA within ninety days after the mailing of the BIA's decision. 8 C.F.R. § 1003.2(c)(2). Here, the motion was filed more than 32 months after mailing of the BIA's October 15, 2004 decision. Therefore, the BIA did not abuse its discretion when it denied petitioners' untimely motion to reconsider. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion). Accordingly, this petition for review is denied in part.

■ To the extent that petitioners seek review of the BIA's denial of the motion to reopen *sua sponte,* this court lacks jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th

Cir.2002). Therefore, respondent's motion to dismiss is granted in part.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

