**Jose Dolores Leon GARCIA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–75086.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 24, 2008.

Jose Dolores Leon Garcia, El Monte, CA, pro se.

Rosa Maria Leon, El Monte, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reconsider and to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen or reconsider for abuse of dis-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reconsider a BIA decision, and that motion must be filed within 30 days after the mailing of the decision. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2). An alien who is subject to a final order of removal is also limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Petitioners' final orders of removal were entered on January 5, 2007. Petitioners did not file their motion to reconsider and reopen until October 15, 2007. Because petitioners' motion was filed almost 8 months after the deadline for a motion to reconsider, and almost six months after the deadline for a motion to reopen, the BIA did not abuse its discretion in denying petitioners' motion to reconsider and reopen as untimely.

Accordingly, we summarily deny the petition for review because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The motion for in forma pauperis status is granted. All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**