Javier Carrizoza GAYTAN;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70684.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Javier Carrizoza Gaytan, El Monte, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Veronica Alegria, El Monte, CA, pro se.

OIL, James A. Hurley, Esquire, U.S. Department of Justice, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

MEMORANDUM [**]

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners' final order of removal was entered on August 26, 2006. Petitioners' motion to reopen was filed on June 20, 2007. Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners do not contend that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ To the extent petitioners challenge the BIA's decision declining to exercise its sua sponte authority to reopen their removal proceedings, we lack jurisdiction over this claim. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.