Angelica Amalia Escobar CIFUENTES, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–71067.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Angelica Amalia Escobar Cifuentes, Canoga Park, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, OIL, Ari Nazarov, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen.

The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioners' motion to reopen, filed more than 90 days after the final administrative decision was rendered. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). The BIA also correctly determined that *Lopez–Castellanos v. Gonzales*, 437 F.3d 848 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2006) does not apply to petitioner's situation, and that petitioner is barred from relief because she failed to depart pursuant to the grant of voluntary departure. *See de Martinez v. Ashcroft,* 374 F.3d 759, 763–64 (9th Cir.2004). Accordingly, this petition for review is denied in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioner challenges the BIA's decision declining to exercise its *sua sponte* authority to reopen, we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's motion to dismiss is granted.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**