**Harkamal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70574.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 19, 2008.

Harsh Chhabra, Esquire, Law Solutions, Inc., Chino Hills, CA, for Petitioner.

OIL, Jem C. Sponzo, Esquire, Carol Federighi, Esquire, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen deportation proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002).

■ The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely because it was filed on December 18, 2007, more than 90 days after the March 23, 1998 final administrative decision. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). Further, the BIA did not abuse its discretion in concluding that petitioner failed to show that reopening was warranted based on changed circumstances in India. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft,* 381 F.3d 942, 945–47 (9th Cir. 2004). Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

■ We lack jurisdiction to review the BIA's decision declining to exercise its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's

motion to dismiss this petition for review in part for lack of jurisdiction is granted.

All other pending motions are denied as moot. The temporary stay of deportation confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

