Marvin **ESTUARDO–LOPEZ,**
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, **Respondent.**

No. 08–70293.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2008.[*]

Filed Aug. 19, 2008.

Alejandro Garcia, Esquire, City of Commerce, CA, for Petitioner.

Andrew C. MacLachlan, Esquire, OIL, David V. Bernal, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") affirmance of the denial of petitioner's motion to reopen removal proceedings by an immigration judge.

Upon review of the record and petitioner's response to the order to show cause, the court sua sponte grants summary disposition because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam). The BIA did not abuse its discretion in affirming the order of the immigration judge as petitioner's motion to reopen was filed eight years late, and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). Accordingly, this petition for review is denied.

To the extent petitioner challenges the decision of the BIA not to reopen proceedings under its sua sponte authority, this court lacks jurisdiction to review that claim. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, we dismiss that claim for lack of jurisdiction.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.