**Karnail SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72065.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

Olumide K. Obayemi, San Leandro, CA,

R.App. P. 34(a)(2).

for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen and reconsider removal proceedings.

We review the BIA's ruling on a motion to reopen or reconsider for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). A motion to reconsider must be filed within 30 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(1). Petitioner's motion to reopen and reconsider was filed almost two years after the final administrative decision, and therefore beyond the deadlines. Petitioner contends that the 90–day deadline for the motion to reopen does not apply because petitioner sought to reopen the proceedings on the basis of changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion, however, in denying the motion to reopen as untimely because petitioner did not demonstrate that the exception to the 90–day deadline applied.

** This disposition is not appropriate for publi-

*See Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We *sua sponte* dismiss in part this petition for review because this court lacks jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte. See Ekimian v. I.N.S.,* 303 F.3d 1153, 1159–60 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

