**Ofelia Medrano WAMEA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–73853.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ada Elsie Bosque, Trial, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

**Simon RAMOS–PEREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72325.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's untimely motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has failed to demonstrate that an exception to this time limit applies, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Accordingly, this petition for review is summarily denied because the questions

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).