**Eduardo LOPEZ–HERNANDEZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–72236.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eduardo Lopez–Hernandez, pro se.

Elba Margarita Estrada, pro se.

Ana Judith Lopez Estrada, pro se.

Elizabeth Lopez Estrada, pro se.

OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen immigration proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' January 18, 2008 motion to reopen was filed more than 90 days after the BIA's August 25, 2006 final administrative order, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. *See id.*

Nor did the BIA abuse its discretion in determining that petitioners failed to allege changed circumstances in Mexico that would exempt them from the time limits for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

In addition, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153 (9th Cir.2002).

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Respondent opposes petitioners' motion for stay of voluntary departure by asserting that petitioners' voluntary departure period had expired by the time petitioners filed their motion to reopen with the BIA. However, following the BIA's first decision, petitioners filed a timely petition for review (No. 06–74384) with this court that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

included a motion for stay of removal and tolled their voluntary departure period. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004). Because the motion to reopen was filed with the BIA before the mandate issued in petition No. 06–74384, the petitioners' remaining voluntary departure period was tolled. Accordingly, the temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.