Fernando Carlos Minaya **CARBAJAL**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 08–72433.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel R. Smith, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") order denying petitioner's third motion to reopen as both untimely and barred by numerical limitations.

We review the denial of motions to reopen for abuse of discretion. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). The regulations provide that a party may file only one motion to reopen removal proceedings and the motion to reopen must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely and numerically barred. Petitioner's final administrative order of removal was entered on May 5, 2005. Petitioner's third

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to reopen was filed on February 8, 2008, more than 90 days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

In addition, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153 (9th Cir.2002). Accordingly, respondent's motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**