**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Lynn HOOTON,
Defendant-Appellant.**

No. 82–1441.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 1982.

Decided Oct. 13, 1982.

Filed Dec. 3, 1982.

James L. Hooton, pro se.

Janet L. Goldstein, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, ANDERSON, and BOOCHEVER, Circuit Judges.

PER CURIAM.

On October 13, 1982, we granted the Government's motion for summary affirmance in this case, but denied similar motions in several other cases. Although motions for summary disposition are ordinarily granted or denied without opinion, *see Page v. United States,* 356 F.2d 337, 339 n. 1 (9th Cir.1966), we issue this opinion to clarify our position on such matters.

In *Page,* we noted that the Rules of the Ninth Circuit do not explicitly provide for motions to affirm, but such motions are authorized under the Rules of the United States Supreme Court and Ninth Circuit Rule 8(2) [now Rule 5], which adopts relevant portions of the Supreme Court Rules. 356 F.2d at 339. More recently, we have noted that Ninth Circuit Rule 6(h), which governs emergency motions, authorizes the filing of an emergency motion to affirm in an interlocutory criminal appeal. *See United States v. Miranda-Parra,* 637 F.2d 610, 612–13 (9th Cir.1980).[1]

In a nonemergency situation, however, a motion to affirm a final judgment should be filed only where "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument." S.Ct.R. 16(1)(c); *see Page v. United States,* 356 F.2d at 339. Although it is difficult to formulate a precise standard, not every case in which appellant files an unimpressive opening brief is appropriate for summary affirmance. Motions to affirm should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality is manifest from the face of appellant's brief.[2]

Where the outcome of a case is beyond dispute, a motion for summary disposition is of obvious benefit to all concerned. Similarly, where the outcome is not so clear, such a motion unduly burdens the parties and the court, and ultimately may even delay disposition of the appeal. We will not, therefore, ordinarily entertain a motion to affirm where an extensive review of the record of the district court proceedings is required. Our recent denials of a number of motions to affirm were based on such considerations.[3]

In the instant appeal, Hooton was convicted of unlicensed dealing of firearms and was sentenced to three years probation, subject to a number of conditions, including performance of 300 hours of community service. He filed a request that probation be terminated upon completion of the community service. The district court treated the request as a Rule 35 motion for reduction of sentence and denied it. Hooton's opening brief on appeal is a one-page document in which he requests this Court to reduce his sentence.

1. Expedited disposition of such appeals is often required to avoid unreasonable pretrial delays. *See Miranda-Parra,* 637 F.2d at 613.

2. Our view of the propriety of summary affirmance is thus similar to but may be slightly narrower than the standards previously expressed by other courts. *See United States v. Ecker,* 479 F.2d 1206, 1208 n. 4 (D.C.Cir.1973); *Groendyke Transport, Inc. v. Davis,* 406 F.2d 1158, 1161–62 (5th Cir.), *cert. denied,* 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969).

3. For instance, in *United States v. Alex,* 81–6010, appellee requested summary affirmance of the district court's denial of *Alex*'s 28 U.S.C. § 2255 petition. In his petition, Alex alleged that his codefendants had threatened to harm his family unless he pleaded guilty to a bank robbery charge. On the basis of the Fed.R. Crim.P. 11 colloquy, the district court found Alex's allegations palpably false and denied the petition without a hearing. We did not believe that the question whether Alex was entitled to an evidentiary hearing was so insubstantial as to merit summary disposition.

■ A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court. *See United States v. Kouwenhoven,* 602 F.2d 234, 238 (9th Cir.1979). Inasmuch as the district court could have imposed up to five years imprisonment and a $5,000 fine, the denial of Hooton's request for early termination of probation was not an abuse of discretion.

■ Because the insubstantiality of the appeal appears from the face of appellant's brief, the applicable law, and a brief review of the district court record, the Government's motion for summary affirmance is granted.

AFFIRMED.