**Laura SOLTERO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–70160.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007 *.

Filed Aug. 24, 2007.

Laura Soltero, Norwalk, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, M. SMITH, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This is a pro se petition for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Upon review of the record and petitioner's filings, we find this case appropriate for summary disposition because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). A party may file only one motion to reopen removal proceedings, and that motion must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely when it was filed over seven months after the deadline for filing motions to reopen.

To the extent that petitioner challenges the BIA's refusal to reopen proceedings sua sponte, this court lacks jurisdiction to review the BIA's refusal to reopen sua sponte. *See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, the court sua sponte dismisses this petition for review in part for lack of jurisdiction. *See id.*

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.