**Jesus Gallegos RAMIREZ; Irma Guadalupe Gallegos, Petitioners,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 07–71368.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007.**

Filed Oct. 18, 2007.

Jesus Gallegos Ramirez, Santa Ana, CA, pro se.

Irma Guadalupe Gallegos, Santa Ana, CA, District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., Terri Leon Benner, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioners' motion to reopen immigration proceedings.

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the BIA did not abuse its discretion when it denied petitioners' motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion). Furthermore, even if petitioners' motion was construed as a motion to reconsider, the BIA did not abuse its discretion in denying the motion because the BIA lacks jurisdiction to consider a motion "seek[ing] reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2). Accordingly, this petition for review is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners'] and give us humane laws that will not cause the disintegration of

such families." *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1015 (9th Cir.2005).