**Navdip Singh THIND, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74322.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 17, 2008.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

548

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings based on changed country conditions.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

The regulations provide that "a party may file only one motion to reopen" and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). Petitioner contends that his second and untimely motion to reopen meets the changed country conditions exception to these time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). However, petitioner failed to provide sufficient evidence regarding a material change that he, in particular, faces a risk of persecution or torture in India. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). Therefore, the BIA did not abuse its discretion in denying petitioner's second and untimely motion to reopen. *See Iturribarria*, 321 F.3d at 894–97.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

