**Victor Manuel VELAZQUEZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–71046.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Victor Manuel Velazquez, Santa Ana, CA, pro se.

Zulma Velazquez, Santa Ana, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor Alejandro Velazquez–Orozco, Santa Ana, CA, pro se.

Diana Daniela Velazquez–Orozco, Santa Ana, CA, pro se.

Carlos Eduardo Orozco, Santa Ana, CA, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

The regulations provide that, with certain exceptions not relevant to this petition, "a party may file only one motion to reopen." *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2), (c)(3). The BIA did not abuse its discretion in denying petitioners' second motion to reopen as numerically barred. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003).

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this peti-

tion for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

