**Mary HENDOW; et al., Plaintiffs—**
**Appellees,**

**Leeland White, Movant–Appellant,**

v.

**UNIVERSITY OF PHOENIX,**
**Defendant—Appellee.**

No. 08–15749.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Cliff M. Palefsky, McGuinn, Hillsman & Palefsky, San Francisco, CA, for Plaintiffs–Appellees.

Leeland White, El Paso, TX, pro se.

Christy Joseph, Snell & Wilmer, LLP, Costa Mesa, CA, Bradley A. Benbrook, Stevens & O'Connell, Sacramento, CA, Timothy J. Hatch, Gibson Dunn & Cruthcher, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

This is an appeal from the district court's order denying appellant's motion for reconsideration of its order denying appellant leave to intervene in a False Claims Act *qui tam* action.

On July 16, 2008, this court denied appellant's motion to proceed in forma pauperis on appeal and ordered appellant to pay the docketing and filing fees for this appeal and simultaneously to show cause why the judgment challenged in this appeal should not be summarily affirmed. *See* 9th Cir. R. 3–6. Appellant paid the fees and submitted a response to the order to show cause.

A review of the record and appellant's response indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). We review the denial of a motion to reconsider for abuse of discretion. *See Price v. State of Hawaii*, 921 F.2d 950, 954 (9th Cir.1990) (stating standard). The district court did not abuse its discretion in denying appellant's motion to reconsider. As a pro se litigant, White is barred from prosecuting a *qui tam* action as a relator. *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir.2007) (holding that "a pro se relator cannot prosecute a *qui tam* action on behalf of the United States").

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.