**Alejandro Olea ORTIZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72015.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 16, 2008.

Alejandro Olea Ortiz, Garden Grove, CA, for Petitioners.

Maria Guadalupe Bailon Martinez, Garden Grove, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Susan K. Houser, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioners' motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have not contended that any exceptions to this time limit

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Similarly, because petitioners are limited to filing one motion to reopen removal proceedings, and do not argue any exceptions, the BIA did not abuse its discretion in denying petitioners' second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The motion for stay of removal and all other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**