**Vicente Garcia MIRANDA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73084.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 13, 2008.

Vicente Garcia Miranda, pro se.

Maria Monica Garcia, pro se.

Julio Valentin Garcia Gonzalez, pro se.

Julie Pfluger, Esquire, John Hogan, Senior Litigation Counsel, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners' final order of removal was entered on July 3, 2006. Because petitioners' motion to reopen was filed on May 13, 2008, well beyond the 90–day deadline, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. *See id.*

Accordingly, we sua sponte summarily deny this petition for review because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

