**Tereso Baldez MIRANDA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73087.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 13, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tereso Baldez Miranda, pro se.

U.S. Department of Justice, Washington, DC, CAC–District, Esquire, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ The BIA did not abuse its discretion in construing petitioner's "motion for administrative closure" as a motion to reopen. In this motion, petitioner sought administrative closure to pursue possible amnesty relief should Congress pass amnesty legislation. The BIA stated correctly that the motion was filed after the final administrative decision had been entered, thus, there were no administrative proceedings to close.

** This disposition is not appropriate for publication and is not precedent except as provid-

■ The regulations provide that an alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's second motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Accordingly, we summarily deny this petition for review because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**