**Cesar A. BAUTISTA–PEREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72526.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James G. Roche, Esquire, Law Offices of James L. Rosenberg, Santa Ana, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Jonathan Aaron Robbins, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *See*

*Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to an *in absentia* removal order is permitted to file a motion to reopen, but that motion must be filed within 180 days of the date of entry of a final order of removal if the alien demonstrates that the failure to appear was a result of "exceptional circumstances" or that he did not receive notice of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). The BIA did not abuse its discretion in determining that petitioner had not established either that his failure to appear at his February 20, 1996 deportation hearing was caused by exceptional circumstances or that he lacked notice of the hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Nor did the BIA abuse its discretion in determining that petitioner's motion to reopen, filed nearly eleven years after he was ordered deported *in absentia,* was not timely filed pursuant to 8 C.F.R. § 1003.23(b)(1).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.