Albaro Lorenzo **PARRA**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 08–73081.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 15, 2008.

Albaro Lorenzo Parra, Santa Ana, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oil, Annette Marie Wietecha, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before GOODWIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") order denying petitioner's motion for administrative closure.

 The BIA did not abuse its discretion in construing petitioner's motion for administrative closure as a motion to reopen where petitioner sought closure to pursue possible amnesty relief should Congress pass amnesty legislation. Petitioner's motion was filed after a final administrative order had been entered, and, accordingly, there were no administrative proceedings to close. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008) (stating that court reviews BIA's ruling on a motion to reopen for abuse of discretion).

In addition, an alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a

** This disposition is not appropriate for publication and is not precedent except as provid-

final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to was filed beyond the 90–day deadline, the motion was petitioner's second motion to reopen and petitioner has not contended that any exceptions to the time and number limits apply, the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely and number-barred. *See id.*

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**