**Daniel Cortez ESTRADA;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 08–73726.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 28, 2009.

Daniel Cortez Estrada, Anaheim, CA, pro se.

Marcela Cortez, Anaheim, CA, pro se.

Carol Federighi, Esquire, Senior Litigation Counsel, Andrew B. Insenga, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

The Clerk shall file petitioners' late response to respondent's motion for summary affirmance in part and dismissal in part.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reconsider or reopen removal proceedings.

We review the BIA's ruling on a motion to reconsider or reopen for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

An alien who is subject to a final order of removal is limited to filing one motion to reconsider with the Board within 30 days after the mailing of the Board decision. *See* 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. § 1003.2(b)(2). An alien is also limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion was filed beyond the deadlines for both types of motions, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reconsider or reopen. *See id.*

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Respondent's motion for dismissal in part is also granted. This court lacks jurisdiction to review the BIA's refusal to *sua sponte* reopen proceedings. *See Eki-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*mian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**