**Maria Nancy Reynoso AVILA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–74056.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Jan. 20, 2009.*

Filed Jan. 28, 2009.

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's untimely motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed well beyond the 90–day deadline, and petitioner has failed to demonstrate that an exception to the time limit applies, the BIA did not abuse its discretion in denying petitioner's motion to reopen. *See id.*

Accordingly, the petition for review is denied in part because the questions raised by this petition are so insubstantial as not to require further argument. *See United*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

As to petitioner's request to the BIA for sua sponte reopening, this court lacks jurisdiction to review the BIA's discretionary decision to deny sua sponte reopening of petitioner's case. *See* 8 C.F.R. § 1003.2(a); *Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, the petition for review is dismissed in part.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.