**Silverio Mejia SALGUERO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73504.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 28, 2009.

Seth L. Reszko, Esquire, Reza Athari & Associates, PLLC A Multi–Jurisdictional Firm, Las Vegas, NV, for Petitioner.

John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, Claire Workman, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen deportation proceedings.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of deportation is limited to filing one motion to reopen deportation proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent that petitioners seek review of the BIA's denial of the motion to reopen *sua sponte,* this court lacks jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Therefore, respondent's unopposed motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of deportation shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.