**Antonio Gomez BLANCO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–73503.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 29, 2009.

Antonio Gomez Blanco, Bell, CA, pro se.

Michael Christopher Heyse, Trial, OIL, John Hogan, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

In this case, petitioner claims that he is exempt from the time and number limitations because he sought to reopen proceedings in order to apply for relief under the Convention Under Torture ("CAT"). *See* 8 U.S.C. § 1229a(c)(7)(C)(iii). However, in making his claim for protection under the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Convention Against Torture ("CAT"), petitioner failed to present evidence of changed country conditions in Mexico that are material to petitioner and his circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Because petitioner's second motion to reopen was filed beyond the 90–day deadline, and because petitioner failed to meet his burden of establishing a prima facie CAT claim to support reopening, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**