**Daniel Adame CHAVARRIA; Maria De Lourdes Adame, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71572.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Feb. 19, 2009.

Daniel Adame Chavarria, Azusa, CA, pro se.

Maria De Lourdes Adame, Azusa, CA, pro se.

Briena Strippoli, Esquire, Trial, John Hogan, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002).

The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed on December 10, 2007, more than 90 days after the April 30, 2007 final administrative decision. Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Further, we lack jurisdiction to review the BIA's decision declining to exercise its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss this petition for review in part for lack of jurisdiction is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order

6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS*, 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.