**Rey Valdivia HERRERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73636.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Rey Valdivia Herrera, Anaheim, CA, pro se.

Aimee J. Frederickson, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ The regulations state that a motion to reopen proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. Petitioner's final administrative order of removal was entered on April 19, 2005. Petitioner's motion to reopen was filed on June 27, 2008, more than ninety days after the date on which the final order of removal was entered. *See id.*

Further, the regulations state that a party may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in denying petitioner's second motion to reopen as also barred by numerical limitations.

■ The time and number limitations for motions to reopen do not apply to a motion to reopen proceedings to apply or reapply for asylum or withholding of removal based on changed country conditions, if such evidence is material and was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.

** This disposition is not appropriate for publication and is not precedent except as provid-

2004). The BIA did not abuse its discretion in finding that petitioner's claim for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") does not fall within the exception to the time and number restrictions for motions to reopen because petitioner failed to present evidence of changed country conditions in Mexico that are material to him and his circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Accordingly, respondent's motion for summary denial of the petition for review is granted because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**