NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHETT BRYCE DUNLAP, individually, as surviving son, and as statutory plaintiff for and on behalf of: Ann Bryson Dunlap, Cortt Trae Dunlap, deceased, R. Terrence Dunlap, | No. 16-15630 |
| | D.C. No. 2:11-cv-01360-FJM |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted August 11, 2017**
Pasadena, California

Before: FARRIS, CALLAHAN, and OWENS, Circuit Judges.

Rhett Bryce Dunlap, individually and as a statutory plaintiff, appeals the

district court's order reaffirming summary judgment on behalf of the United States

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in his Federal Tort Claims Act ("FTCA") suit on remand from this Court. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's compliance with our mandate de novo. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1066 (9th Cir. 2012). We review a grant of summary judgment de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and may affirm on any ground supported by the record, *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001). We affirm.

Dunlap contends our December 9, 2015 order denying summary affirmance and remanding his case "for further consideration and proceedings consistent with the Supreme Court's decision in *United States v. Wong*, 135 S. Ct. 1625 (2015)" required the district court to consider anew whether equitable tolling excused his untimely administrative claim. Dunlap is mistaken. We denied summary affirmance on the basis of *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam), which directs that summary affirmance is appropriate where "the outcome of a case is beyond dispute" and will not be granted "where an extensive review of the record of the district court proceedings is required." Our order therefore includes no conclusions, implied or otherwise, regarding the merits of Dunlap's equitable tolling argument.

Dunlap was not precluded from arguing equitable tolling in his original summary judgment proceedings; rather, the district court invited him to present

evidence in support of his argument. Instead, as the district court correctly found, Dunlap expressly abandoned equitable tolling as the basis for allowing his claims to proceed and argued his administrative complaint was timely under 28 U.S.C. § 2401(b). The district court thereafter properly granted summary judgment in favor of the government. Nothing in the Supreme Court's decision in *Wong* mandates further consideration of equitable tolling in a case such as this, where not only was the plaintiff not barred from arguing equitable tolling in the first instance, but was actively encouraged by the trial court to do so. Consequently, the "further consideration and proceedings" on remand in Dunlap's case were "consistent with" *Wong* and the district court was not required to allow Dunlap another chance to raise equitable tolling.

**AFFIRMED.**