NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOR DE MARIA CORDON-GOMEZ; LEANDRO JANDEL CORDON-MEJIA,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.   20-71793<br><br>Agency Nos.   A206-989-459<br>                        A206-898-460<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.
Dissent by Chief Judge THOMAS

Flor de Maria Cordon-Gomez and her son, natives and citizens of El

Salvador, seek review of the Board of Immigration Appeals' ("BIA") order

denying their second motion to reopen removal proceedings.  We review for abuse

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and deny the petition.

1.     Petitioners presented essentially the same evidence as in their previous motion to reopen, and we again conclude that the BIA did not abuse its discretion in denying the motion. *See Cordon-Gomez v. Barr*, No. 18-70439 (9th Cir. Aug. 27, 2019), ECF No. 19 (summarily dismissing Petitioners' first motion to reopen). The second motion is numerically barred and untimely, 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and Petitioners failed to establish they qualify for an exception to these limits, 8 C.F.R. § 1003.2(c)(3)(ii) ("changed circumstances . . . evidence [must be] material and was not available and could not have been discovered or presented at the previous hearing"); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). The first motion to reopen included very similar evidence of Cordon-Gomez's ex-spouse's recent threats, and she believed at that time that she would "very likely be killed" if she returned. Cordon Gomez now states her ex threatened to cut her to pieces with a machete. The continued threats, while disturbing, are not qualitatively different such that we can conclude the BIA abused its discretion in denying the motion to reopen.

2.     We reject as unsupported by the record and as insubstantial Petitioners' due process argument and any other remaining issues raised in the petition. *See United States v. Hooton*, 693 F.2d 857, 858-59 (9th Cir. 1982).

**PETITION DENIED.**

*Flor Cordon-Gomez, et al. v. Robert Wilkinson*, No. 20-71793

THOMAS, Chief Judge, dissenting:

The new threats to the petitioner were serious and differed substantially from the threats contained in the original application. Because this evidence "is material and could not have been discovered or presented at the previous hearing," I would grant the petition. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Therefore, I respectfully dissent.