**Rafael Venegas FELIX; et al., Petitioners,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–72815.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 16, 2008.

Rafael Venegas Felix, Granada Hills, CA, pro se.

Patricia Perez, Granada Hills, CA, pro se.

DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

Respondent's motion to dismiss for lack of jurisdiction is construed as a motion for summary disposition in part and a motion to dismiss in part. So construed, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have failed to demonstrate that an exception to this time limit applies, the BIA did not abuse its discretion in denying petitioners' untimely

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to reopen. *See id.* Accordingly, the petition for review is denied in part.

In addition, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**