**Paramjit Singh MANN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72788.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 31, 2008.

Jaspreet Singh, Esquire, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Kristin Edison, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Carol Federighi, Esquire, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen immigration proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The BIA did not abuse its discretion in denying petitioner's untimely and number-barred motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Nor did the BIA abuse its discretion in determining that petitioner failed to allege changed circumstances in India that would exempt him from the time and numerical limits for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004). Accordingly, this petition for review is denied.

The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.