**Areli ORTIZ–LOPEZ, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73094.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 29, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Miguel A. Olano, Esquire, Santa Clara, CA, for Petitioner.

Brianne Whelan Cohen, Trial, OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

■ Further, the Board did not abuse its discretion in denying petitioner's motion to reopen on the merits because petitioner's claim for United States citizenship fails to meet the legal requirements in place at the time of his birth. *See e.g.,* Immigration and Nationality Act § 201(g) (1951) (former); *Runnett v. Shultz,* 901 F.2d 782, 783 (9th Cir.1990) (the applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.