**Eduardo FLORES–JIMENEZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71562.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Feb. 19, 2009.

Eduardo Flores–Jimenez, Pico Rivera, CA, pro se.

Guillermina Haro–Castellanos, Pico Rivera, CA, pro se.

Eduardo Llovani Flores–Haro, Pico Rivera, CA, pro se.

Christopher McGreal, OIL, Aviva Poczter, Senior Litigation Counsel, DOJ—U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") November 6, 2007 order denying petitioners' "motion for administrative closure." In that motion, petitioners had requested closure of proceedings based on the possibility that they might become eligible for amnesty or other relief should Congress pass new immigration legislation.

We have reviewed the record and respondent's unopposed motion to dismiss or, in the alternative, for summary disposition.

To the extent that petitioners sought administrative closure of already closed proceedings, this court lacks jurisdiction over this petition for review because it is not a timely filed petition from a final order of removal. *See* 8 U.S.C. § 1252(b)(1).

To the extent that petitioners sought reopening so that their proceedings could then be administratively closed, we conclude the BIA did not err in denying the motion based on the speculative nature of the relief sought. The BIA also correctly noted that petitioners had filed two previous motions to reopen and it did not abuse its discretion in denying the motion to reopen as numerically barred. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003).

Because the questions raised by this petition for review are so insubstantial as not to require further argument, we grant respondent's motion to deny the petition in part. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS,* 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.