**Dominic Solis OLIVO, Plaintiff–Appellant,**

v.

**Arne DUNCAN, Secretary of the United States Department of Education, Defendant–Appellee.**

No. 08–35833.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Dominic Solis Olivo, Bremerton, WA, pro se.

Patricia Dee Gugin, Esquire, Assistant U.S., USTA—Office of the U.S. Attorney, Tacoma, WA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

The Clerk shall substitute Arne Duncan, Secretary of the United States Department of Education, as the proper appellee. *See* Fed. R.App. P. 43(c)(2).

Appellant Dominic Solis Olivo seeks review of the district court's September 29, 2008 order dismissing with prejudice his complaint against the Secretary of the United States Department of Education ("Secretary").

The complaint alleged, among other things, that "forced racial integration in the school place" deprived appellant of his rights protected by the First Amendment as well as his Fifth Amendment due process rights and "rights to property." He also alleged that racial integration violates the "Universal Declaration of Human

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rights." Appellant further alleged that if compelled to attend a college or university not segregated by race and compelled to be educated alongside "non-whites," his "freedom of speech would be objectionable to non-whites in classroom question-and-answer sessions that could lead to criminal reactions." Appellant additionally argues that he (and his future children) are entitled to segregation "for protection of racial and multi-cultural distinction," and that he is prevented from getting the education he wants by his desire to have an "all white person learning environment."

Appellant sought declaratory judgment and an injunction ordering the Secretary of the United States Department of Education to racially segregate students in the school place. Appellant also demanded both compensatory and punitive damages of at least $60,060,000 for his injuries.

A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ The district court properly dismissed the complaint for several reasons. First, appellant lacks standing because he is not currently enrolled in school and only alleged that he intended to "return to school, eventually to law school to learn the science of law." *See Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

■ Second, appellant does not have a right to a racially segregated school environment. *Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); *see also United States v. Fordice,* 505 U.S. 717, 112 S.Ct. 2727, 120 L.Ed.2d

575 (1992) (reiterating that *Brown* applies to public colleges and universities).

Third, appellant is barred from recovering money damages from the Secretary in his official capacity because there is no cause of action against the United States or Federal agencies for damages based upon alleged violations of constitutional rights. *See Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Cato v. United States,* 70 F.3d 1103 (9th Cir.1995).

Appellant's remaining arguments raised in the opening brief are unpersuasive.

Accordingly, we grant appellee's unopposed motion for summary affirmance.

All pending motions are denied as moot.

**AFFIRMED.**

