**Fermin HERNANDEZ–LIEVANOS; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74852.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fermin Hernandez–Lievanos, Anaheim, CA, pro se.

Rosa Maria Fuentes–Martinez, Anaheim, CA, pro se.

Nehal Kamani, OIL, U.S. Department of Justice, Civil Division/Office of Immigra-

tion Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' untimely motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have failed to demonstrate that an exception to the time limit applies, the BIA did not abuse its discretion in denying petitioners' motion to reopen. *See id.*

Accordingly, respondent's motion for summary disposition is granted in part

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ As to petitioners' request to the BIA for sua sponte reopening, this court lacks jurisdiction to review the BIA's discretionary decision to deny sua sponte reopening. *See* 8 C.F.R. § 1003.2(a); *Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, the petition for review is dismissed in part.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**