NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HRACH GEVORGYAN and AKSANA SIMONYAN, | Nos. 16-72286 |
| | 17-71768 |
| Petitioners, | |
| v. | Agency Nos. A097-883-901 |
| | A097-883-902 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Hrach Gevorgyan and Aksana

Simonyan, natives and citizens of Armenia, petition for review of the Board of

Immigration Appeals' ("BIA") orders denying their first (No. 16-72286) and

second (No. 17-71768) motions to reopen. We have jurisdiction under 8 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo question of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review in No. 16-72286, and we deny in part and dismiss in part the petition for review in No. 17-71768.

As to No. 16-72286, the BIA did not abuse its discretion in denying petitioners' first motion to reopen as untimely where it was filed more than four years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and petitioners have not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence of changed circumstances must be qualitatively different from previous evidence (internal quotation omitted)).

Contrary to petitioners' contentions, the BIA did not err in its analysis of evidence submitted with the motion.

As to No. 17-71768, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as untimely where it was filed more than five years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and petitioners have not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

To the extent petitioners challenge the BIA's decision not to reopen proceedings sua sponte, we lack jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Accordingly, the government's motion for summary disposition (No. 17-71768, Docket Entry No. 7) is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

Petitioners' motion for a stay of removal in 17-71768 is denied as moot. The temporary stay of removal will terminate upon issuance of the mandate.

**In No. 16-72286, PETITION FOR REVIEW DENIED.**

**In No. 17-71768, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**