**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUG LAIR; et al., | No. 20-35700 |
| Plaintiffs-Appellants, | D.C. No. 6:12-cv-00012-CCL |
| v. | |
| JEFF MANGAN, in his official capacity as the Montana Commissioner of Political Practices; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted September 11, 2020[**]

Before: RAWLINSON, BEA, and MURGUIA, Circuit Judges.

Appellants Doug Lair, the Lake County Republican Central Committee, and

the Beaverhead County Republican Central Committee appeal from the district

court's order denying their motion for post-judgment relief under Federal Rule of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 60(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion under Rule 60(b) for abuse of discretion. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019).

Upon review of the record, the opening brief, and the arguments raised in appellants' motion to expedite this appeal for decision, we conclude this matter is suitable for decision without further briefing. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (discussing standards for summary affirmance). We therefore grant appellants' motion to expedite this appeal (Docket Entry No. 3), and we affirm the judgment.

Appellants challenge this court's opinion in *Lair v. Motl*, 873 F.3d 1170 (9th Cir. 2017) ("*Lair III*"), *cert. denied sub nom. Lair v. Mangan*, 139 S. Ct. 916 (2019). In *Lair III*, this court reversed the judgment of the district court and upheld Montana's campaign contribution limits under the standard set forth in *Montana Right to Life Association v. Eddleman*, 343 F.3d 1085 (9th Cir. 2003). Appellants contend that the U.S. Supreme Court's opinion in *Thompson v. Hebdon*, 140 S. Ct. 348 (2019), constitutes a change in the controlling law because it requires courts to apply the factors outlined in *Randall v. Sorrell*, 548 U.S. 230 (2006), as opposed to *Eddleman*, and therefore requires reversal of *Lair III*. We disagree.

The panel's opinion in *Lair III* gave reasoned consideration to the question of whether Montana's contribution limits raised any of the "danger signs" outlined

in *Randall*.  *See Lair III*, 873 F.3d at 1186-87.  Finding none, the panel concluded that Montana's contribution limits "would survive scrutiny even if *Randall* governed."  *Id.* at 1187.  The panel's prior conclusion on this issue, "germane to the eventual resolution of the case," remains the binding law of this circuit.  *See United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) ("[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense.").

The district court correctly determined that this court, in *Lair III*, had in fact considered *Randall* in its analysis.  Because the panel's *Lair III* opinion previously confronted and resolved the issue raised by appellants, we remain bound by its conclusion.  *See Johnson*, 256 F.3d at 914.  The district court properly concluded that the Supreme Court's decision in *Thompson* does not require reversal of *Lair III*, and thus properly denied appellant's motion for relief from the judgment.

**AFFIRMED.**